**UNITED BENEFIT FIRE INSURANCE COMPANY, Appellant,**

v.

**DUNN CONSTRUCTION COMPANY, Inc., et al., Appellees.**

No. 22483.

United States Court of Appeals
Fifth Circuit.

March 25, 1966.

Rehearing Denied May 2, 1966.

William T. Moore and Moore & Moore, Miami, Fla., for appellant.

Thomas C. MacDonald, Jr., J. Rex Farrior, Jr., John I. Van Voris, Tampa, Fla., Shackleford, Farrior, Stallings, Glos & Evans, Tampa, Fla., of counsel, for appellees.

Before PHILLIPS,* RIVES and COLEMAN, Circuit Judges.

PER CURIAM:

The City of Arcadia, Florida, entered into a construction contract with a principal contractor for the construction of sewer and water distribution improvements. United Benefit Fire Insurance Company, hereinafter called the Insurance Company, entered into a bond with the City, conditioned for the completion of the project and the payment of laborers and materialmen. Dunn Construction Company, hereinafter called Dunn; Oconee Clay Products Company, hereinafter called Oconee; D. H. George Building Materials, hereinafter called George, and Fairbanks Morse and Company, hereinafter called Fairbanks, furnished materials to the principal contractor, which were incorporated in the improvements, for which they had not received payment. The principal contractor failed to complete the work. In accordance with the terms of the contract, the City had retained 10 per cent of the estimates, aggregating $10,510.83. The Insurance Company did not carry out the obliga-

* Judge of the Tenth Circuit, sitting by designation.

tions of its performance bond, in that it did not complete the contract after the principal contractor's default.

The Insurance Company initiated this action against the City to recover the retained percentages, as assignee of the contractor and as subrogee of his rights, on account of the alleged payment by it of claims against the principal contractor. Dunn, Oconee, Fairbanks, and the personal representatives of George intervened, claiming a superior right to such retained percentages. The City filed a counterclaim of interpleader against the Insurance Company and the intervenors, and paid the retained funds into the registry of the court.

Each of the respective parties filed motions for summary judgment, supported by affidavits and documentary evidence. The court awarded summary judgment for each of the materialmen.

We are of the opinion that under the Federal Rules of Civil Procedure the City could invoke the remedy of interpleader by a counterclaim against the plaintiff and intervenors;[1] and that the materialmen had an equitable right to have their respective claims satisfied out of the retained percentages, superior to any claim of the Insurance Company to such percentages.[2] The claims of the materialmen were neither predicated upon the surety bond nor upon a statutory right. They were equitable claims against the retained percentages, which the City retained for the protection of the materialmen.[3] We find it unnecessary, therefore, to determine what statute of limitations would have applied, had the suit either been on the bond or predicated on a statutory right. We agree with the trial court that the claims of the materialmen were not barred by laches.

Accordingly, the judgment is affirmed.

1. See Republic of China v. American Exp. Co., S.D.N.Y., 95 F.Supp. 740, 744; A/S Krediit Pank v. Chase Manhattan Bank, S.D.N.Y., 155 F.Supp. 30, 33.

2. Glades County Fla. v. Detroit Fidelity & Surety Co., 5 Cir., 57 F.2d 449, 451, 452.

3. Glades County Fla. v. Detroit Fidelity & Surety Co., supra.